# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD STEVEN THOMPSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>K. ALLISON, Warden<br><br>　　　　　Respondent.　　　　　　/ | 1:10-cv-00159-AWI-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 14] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Following a jury trial in the Kern County Superior Court, Petitioner was convicted of four counts of committing a lewd act against a minor under age 14 (Cal. Penal Code[1] § 288(a)); exhibiting harmful material to a minor (§ 288.2(a)); persuading a minor to be photographed while engaging in sexual conduct (§ 311.4(c)); annoying or molesting a child under age 18 (§ 647.6); and committing a lewd act against a [second] child under age 14 (§ 288(a)).  It was also found true that Petitioner committed lewd acts against more than one victim (§ 667.61(e)(5)). Petitioner was sentenced to a life term with the possibility of parole after fifteen years, plus a ten-year determinate term.

On March 3, 2008, the California Court of Appeal affirmed the judgment.

---

[1] All further statutory references are to the California Penal Code unless otherwise indicated.

1    The California Supreme Court denied the petition for review on June 11, 2008.

2    Petitioner did not file any other petitions for post-conviction relief in the state courts.

3    Petitioner filed the instant federal petition for writ of habeas corpus on February 1, 2010.
4 Respondent filed the instant motion to dismiss on June 9, 2010.  Petitioner filed an opposition on
5 September 13, 2010.

## DISCUSSION

A.    Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F.Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.    Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on February 1, 2010, and thus, it is subject to the

provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, on June 11, 2008, the California Supreme Court denied review. Thus, direct review became final on September 9, 2008, when the ninety day time frame to file a petition for writ of certiorari expired. Therefore, the one year limitations period began on the following day, September 10, 2008, and absent tolling, was set to expire on September 10, 2009. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

It appears Petitioner is attempting to argue that his previous filing in this Court tolled the limitations period and demonstrated due diligence on his part. On March 19, 2009, Petitioner filed a petition for writ of habeas corpus in this Court in case number 1:09-cv-00517-OWW-TAG (HC). On December 8, 2009, the petition was dismissed without prejudice for failure to exhaust the state judicial remedies. A federal petition for writ of habeas corpus does not serve to statutorily toll the limitations period within the meaning of section 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 172 (2001).

D.      Equitable Tolling

The AEDPA's limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S.Ct.2549, 2562 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

The delay in this case was not beyond Petitioner's control. Rather, prior to dismissal of the first petition in case number 1:09-cv-00517-OWW-TAG (HC), Petitioner was advised of the options of withdrawing the unexhausted claims and proceeding with exhausted claims only or

dismissing the entire petition without prejudice.  Petitioner implicitly chose the latter option by continuing to argue that all of his claims were exhausted.  See 1:09-cv-00517 OWW-TAG (HC), Objections, ECF No. 13.  Petitioner cannot now retract his decision by simply refiling the petition deleting the unexhausted claims.  Petitioner knew his first petition could proceed through this Court, thus any delay in pursing his claims was the result of his choice to dismiss the first petition.  Accordingly, Respondent's motion to dismiss the instant petition as untimely should be granted.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition be GRANTED; and
2. The instant petition for writ of habeas corpus be DISMISSED with prejudice as untimely under 28 U.S.C. § 2244(d)(2).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 28, 2010                    /s/ Dennis L. Beck
                                          UNITED STATES MAGISTRATE JUDGE